MÉNDEZ v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Aguadilla.

No. 8.—Decided November 15, 1904.

PAYMENT—CONSENT OF CREDITOR—INCURABLE DEFECT.—It is an indispensable requisite to the completion of a contract of *dation en paiement* that the creditor should show his consent to receive in payment of his claim what has been awarded to him, and the failure of such consent to appear in the instrument of award or payment constitutes an incurable defect which prevents it from being recorded in the registry of property.

A hearing was had of this appeal, taken by Attorney Alfredo Arnaldo on behalf of Juana Clotilde, Ana Dominga and Manuel María Méndez Vaz from a decision of the Registrar of Property of Aguadilla refusing admission to record of the award of an estate in payment of a debt.

The District Court of Aguadilla having approved the statement of the partition made of the property left at the death of Ricardo Méndez Martínez, in which the creditor, Ramón

Martínez Vélez, was awarded in payment of a credit amounting to 5,000 *pesos,* which figured in the testamentary proceedings, a part ownership for a like sum in part of the value of a lot and a masonry warehouse built thereon, and other appurtenances, upon presenting at the registry of property of said district a certified copy of said statement of partition, issued by Notary Juan Mercader, in whose office it had been registered, for its admission to record as to the portion thereof referring to the award in payment made of part of the aforesaid estate, the registrar refused to enter the same for the reasons set forth in the memorandum placed at the end of said certificate, which reads as follows:

"Admission to record of the above document, as to the masonry warehouse on Progreso street, the only one requested, is refused because of the incurable defect that said property is not recorded in the name of the predecessor in interest, it appearing from the records of the registry that it had been mortgaged by Ricardo Méndez in favor of Ramón Martínez Vélez for 5,000 *pesos,* a cautionary notice of said mortgage having been entered, which has lapsed; and because if the award of the part-ownership of 5,000 *pesos* to said Martínez Vélez is made in payment of his mortgage credit, it does not appear from said document, in a legal manner, that said creditor had consented thereto. No cautionary notice is entered for one hundred and forty days, because the applicant has expressly so requested. Aguadilla, June 6, 1904."

Notice of said decision was given to the person who presented the document, and not being satisfied with the registrar's decision, Attorney Arnaldo filed a petition with this Supreme Court on behalf of Juana Clotilde, Ana Dominga and Manuel María Méndez Vaz, instituting the present appeal and stating that he accepted the first of the grounds advanced by the registrar, but excepted to the second; for which reason he prayed that as to the latter the decision appealed from be reversed and that entry of cautionary notice of the document presented be ordered for the legal period.

*Mr. Arnaldo,* for appellant.

MR. CHIEF JUSTICE QUIÑONES, after making the foregoing statement of facts, delivered the opinion of the court.

The appellant having accepted the first ground on which the registrar's refusal is based, it should not be taken into consideration in the decision of this case; and, as to the second ground, since the creditor, Ramón Martínez Vélez, does not appear to have consented to receive in payment of his credit the part-ownership awarded to him in aforesaid property, for from the certificate of the distribution made this requisite, which is indispensable to the completion of the contract of *dation en paiement,* is not shown to have been complied with, the award contains an incurable defect which precludes its record in the registry of property.

In view of articles 65 of the Mortgage Law and 110 of the regulations for the execution thereof, the negative decision of the Registrar of Property of Aguadilla is affirmed. The document presented is ordered to be returned to him with a copy of this decision, for his information and that of the parties concerned, and for other purposes.

Justices Hernández, Figueras, MacLeary, and Wolf concurred.